```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION


CRYSTAL A. CHAMBERS,          *
                              *
    Plaintiff,                *   CIVIL ACTION NO. 15-00198-B
                              *
vs.                           *
                              *
CAROLYN W. COLVIN,            *
Commissioner of Social        *
Security,                     *
                              *
    Defendant.                *
```

ORDER

Plaintiff Crystal A. Chambers (hereinafter "Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security denying her claim for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*, and 1381, *et seq*. On June 13, 2016, the parties consented to have the undersigned conduct any and all proceedings in this case.  (Doc. 23).  Thus, the action was referred to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  Upon careful consideration of the administrative record and the memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner be **REVERSED and REMANDED.**

I.   **Procedural History**

Plaintiff filed applications for a period of disability and disability insurance benefits on April 29, 2010, and for supplemental security income on May 21, 2010.  (Tr. 223, 225)[1]. She alleges that she has been disabled since August 2, 2008, due to lower back injury, depression, and fibromyalgia.  (Id. at 257, 272).  Plaintiff's applications were denied and upon timely request, she was granted an administrative hearing before Administrative Law Judge Warren Hammond, Jr. (hereinafter "ALJ") on November 1, 2011.  (Id. at 53).  Plaintiff attended the hearing with her counsel and provided testimony related to her claims.  (Id.).  A vocational expert ("VE") also appeared at the hearing and provided testimony.  (Id.).  On November 10, 2011, the ALJ issued an unfavorable decision finding that Plaintiff is not disabled.  (Id. at 89).  Plaintiff requested review by the Appeals Council, and on December 21, 2012, the Appeals Council remanded the case to the ALJ to further evaluate Plaintiff's depressive disorder in light of the opinion of the reviewing State Agency psychologist, to further evaluate whether Plaintiff is capable of performing her past relevant work, and to pose a hypothetical to the vocational expert that corresponds with the

---

[1] When referencing the Social Security Transcript, the Court uses the citations found on the transcript, rather than the page numbers utilized by CM-ECF.

2

RFC.  (Id. at 106-09).

On May 3, 2013, Plaintiff attended a second administrative hearing with her counsel and provided testimony related to her claims.  (Id. at 40).  A vocational expert ("VE") also appeared at the second hearing and provided testimony.  (Id. at 49).  On August 23, 2013, the ALJ issued a second unfavorable decision finding that Plaintiff is not disabled.  (Id. at 21-34).  The Appeals Council denied Plaintiff's request for review on March 8, 2015.  (Id. at 1).  Therefore, the ALJ's decision dated August 23, 2013, became the final decision of the Commissioner.

Having exhausted her administrative remedies, Plaintiff timely filed the present civil action.  (Doc. 1).  The parties waived oral argument on June 13, 2016 (Doc. 22), and agree that this case is now ripe for judicial review and is properly before this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II.  Issues on Appeal[2]

1. **Whether the ALJ erred in relying on the Medical-Vocational Guidelines (grids) to find Plaintiff not disabled after finding that Plaintiff has the severe, non-exertional impairment of depression?**

2. **Whether the ALJ erred in failing to**

---

[2] On appeal, Plaintiff does not challenge the ALJ's findings related to her physical impairments.  Therefore, the Court's discussion is limited to Plaintiff's mental impairment of depression.

>    include Plaintiff's mental limitations
>    in the RFC?

### III. Factual Background

Plaintiff was born on September 11, 1974, and was thirty-eight years of age at the time of her second administrative hearing on May 3, 2013.  (Tr. 43, 272).  Plaintiff testified that she completed the twelfth grade in high school and completed truck driving school.  (Id. at 43).

Plaintiff testified that she last worked full time in 2004 as a truck driver.  (Id. at 44).  Plaintiff quit working in 2004 because of problems with her back.  (Id.).  At the time of her hearing in 2013, she was working part-time (about twenty-two hours a week) at Hertz Rental Car as a reservations clerk.  (Id.).

Plaintiff testified that what is keeping her from working full time now are problems with her back and hips, making it difficult for her to walk and sit for long periods of time.  (Id. at 45).  Plaintiff denied having any other impairments that prevented her from working.  (Id. at 45, 49).

Plaintiff testified that she is able to take care of herself, that she shops, cooks, and drives.  (Id. at 47, 277).  In her Function Report dated June 22, 2010, Plaintiff stated that she lives alone in her own home, that she takes care of her own personal needs and needs no reminders to do so, that she

4

sets an alarm to remind her to take her medication, that she prepares her own meals, that she does house work and laundry, that she drives and goes outside at least a couple of times each day, and that she shops and handles her own finances and banking. (Id. at 276-79). Plaintiff also stated that her social activities include visiting regularly with friends and family in their homes and going to church. (Id. at 280). She is able to perform these activities unaccompanied. (Id. at 280). She reported that concentrating and completing tasks is difficult because of her pain. (Id.) She also reported that she "do[es] fine" with written instructions "for the most part;" she sometimes gets "mixed up" with spoken instructions; she gets along "fine" with other people and with authority figures; and she has never been fired from a job because of problems getting along with other people. (Id. at 281-82). However, she does not handle stress or change well. (Id. at 282).

**IV.   Analysis**

    **A.   Standard of Review**

In reviewing claims brought under the Act, this Court's role is a limited one. The Court's review is limited to determining 1) whether the decision of the Secretary is supported by substantial evidence and 2) whether the correct

5

legal standards were applied.³ Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986). The Commissioner's findings of fact must be affirmed if they are based upon substantial evidence. Brown v. Sullivan, 921 F.2d 1233, 1235 (11th Cir. 1991); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (holding substantial evidence is defined as "more than a scintilla, but less than a preponderance" and consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."). In determining whether substantial evidence exists, a court must view the record as a whole, taking into account evidence favorable, as well as unfavorable, to the Commissioner's decision. Chester v. Bowen, 792 F. 2d 129, 131 (11th Cir. 1986); Short v. Apfel, 1999 U.S. Dist. LEXIS 10163, *4 (S.D. Ala. June 14, 1999).

B.  **Discussion**

An individual who applies for Social Security disability benefits must prove his or her disability. 20 C.F.R. §§ 404.1512, 416.912. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any

---

³ This Court's review of the Commissioner's application of legal principles is plenary. Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

6

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); see also 20 C.F.R. §§ 404.1505(a), 416.905(a).  The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven his disability.[4]  20 C.F.R. §§ 404.1520, 416.920.

In the case *sub judice*, the ALJ determined that Plaintiff

---

[4] The claimant must first prove that he or she has not engaged in substantial gainful activity.  The second step requires the claimant to prove that he or she has a severe impairment or combination of impairments.  If, at the third step, the claimant proves that the impairment or combination of impairments meets or equals a listed impairment, then the claimant is automatically found disabled regardless of age, education, or work experience.  If the claimant cannot prevail at the third step, he or she must proceed to the fourth step where the claimant must prove an inability to perform their past relevant work. Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986).  In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. Id.  Once a claimant meets this burden, it becomes the Commissioner's burden to prove at the fifth step that the claimant is capable of engaging in another kind of substantial gainful employment which exists in significant numbers in the national economy, given the claimant's residual functional capacity, age, education, and work history. Sryock v. Heckler, 764 F.2d 834, 836 (11th Cir. 1985).  If the Commissioner can demonstrate that there are such jobs the claimant can perform, the claimant must prove inability to perform those jobs in order to be found disabled. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). See also Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing Francis v. Heckler, 749 F.2d 1562, 1564 (11th Cir. 1985)).

7

has not engaged in substantial gainful activity since August 2, 2008, the alleged onset date, and that she has the severe impairments of status post spinal fusion with residual lumbar radiculopathy, obesity, and depression. (Tr. 23). The ALJ further found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any of the listed impairments contained in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id. at 24).

The ALJ concluded that Plaintiff retains the residual functional capacity (hereinafter "RFC") to perform less than the full range of sedentary work, with the following limitations: "she can sit for approximately six hours and stand and walk for about two hours in an eight-hour day. She can occasionally crawl, kneel, crouch, and stoop. She cannot climb ladders, ropes, or scaffolds. She can frequently push or pull. She must avoid being on unprotected elevations, near dangerous moving machinery, and excessive amounts of dust. She is limited to unskilled work." (Id. at 26). The ALJ also determined that while Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, her statements concerning the intensity, persistence and limiting effects of the alleged symptoms were not entirely credible to the extent they were inconsistent with the residual functional capacity assessment. (Id. at 27).

Given Plaintiff's RFC for less than the full range of sedentary, unskilled work, the ALJ found that Plaintiff is not capable of performing her past work, which was medium or semi-skilled. (Id. at 32). The ALJ further found that Plaintiff's additional exertional and non-exertional limitations, as detailed above, "have little or no effect on the occupational base of unskilled sedentary work." (Id. at 33). The ALJ thus concluded that "[a] finding of 'not disabled' is therefore appropriate under the framework of [Medical Vocational Rule 201.28]."[5] (Id.).

The Court now considers the foregoing in light of the record in this case and the issue on appeal.

1. **Issues**

    A. **Whether the ALJ erred in relying on the Medical-Vocational Guidelines (grids) to find Plaintiff not disabled after finding that Plaintiff has the severe, non-exertional impairment of depression?**

In this case, Plaintiff claims that the ALJ erred in relying on the Medical-Vocational Guidelines (grids) to find her

---

[5] Medical-Vocational Rule 201.28 directs a finding of not disabled for a younger individual aged 18-44, who was a high school graduate, with non-transferable skills from skilled or semiskilled past work, and capable of performing sedentary work. See 20 C.F.R. Pt. 404, Subpt. P, App 2; see also Garred v. Astrue, 383 F. Appx. 820, 824 (11th Cir. 2010); Kerr v. Astrue, 2010 U.S. Dist. LEXIS 104639, *9-10 n.4, 2010 WL 3907121, *3 n.4 (N.D.N.Y. Sept. 7, 2010), *report and recommendation adopted by*, 2010 WL 3893922 (N.D.N.Y. Sept. 30, 2010).

9

not disabled, given the ALJ's finding that she has the severe, non-exertional impairment of depression. (Doc. 11 at 2). Plaintiff argues that the ALJ's finding that she suffers from this severe, non-exertional impairment precludes the use of the grids to find her disabled. (Id.). Having reviewed the record at length, the Court finds that this case must be reversed and remanded due to the ALJ's improper use of the grids.

It is clear in this circuit that the Commissioner of Social Security must develop "a full and fair record regarding the vocational opportunities available to a claimant." Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989) (citation omitted). The ALJ must articulate specific jobs that the claimant is able to perform given his or her age, education, and work history, if any, "and this finding must be supported by substantial evidence, not mere intuition or conjecture." Id.

One means by which the Commissioner meets this burden is by reliance on the Medical-Vocational Guidelines ("grids"). Id. at 1201-02. Exclusive reliance upon the grids is inappropriate, however, "'either when the claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills.'"[6] Id. at 1202 (citations omitted).

---

[6] Nonexertional limitations are those limitations that "'affect an individual's ability to meet the nonstrength demands of jobs'

10

Where nonexertional impairments are present, "[t]he ALJ must 'make a specific finding as to whether the nonexertional limitations are *severe enough* to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.'" Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995) (emphasis added). Normally, when nonexertional limitations are alleged, "the preferred method of demonstrating that the claimant can perform specific work is through the testimony of a vocational expert." MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986). "'It is only when the claimant can clearly do *unlimited* types of [work at a given level] that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.'" Allen, 880 F.2d at 1202 (emphasis in original) (citations omitted); see also Garred, 383 F. Appx. at 824 ("When a claimant has non-exertional impairments that significantly limit her ability to work, the ALJ may use the Guidelines as a framework, but should also consult with a VE to determine how

---

and include mental limitations and restrictions, pain limitations, and all physical limitations and restrictions that are not reflected in the seven strength demands." Callens v. Astrue, 2012 U.S. Dist. LEXIS 115043, *18, 2012 WL 3542200, *7 (N.D. Ala. Aug. 15, 2012) (quoting S.S.R. 96-4p). "Exertional limitations 'affect your ability to meet the strength demands of jobs,' and include 'sitting, standing, walking, lifting, carrying, pushing, and pulling.'" Id. at *6 (quoting 20 C.F.R. § 404.1569(a)).

11

the claimant's impairments affect her ability to perform other jobs that exist in the national economy.") (citing Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002)).

Turning to the case at hand, the Court finds instructive the decision, Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985), in which the Eleventh Circuit held that the ALJ erred in relying exclusively on the grids to find that the claimant was disabled, where the ALJ had previously found that the claimant could not perform work requiring more than "gross vision."  The Eleventh Circuit stated:

> The ALJ relied exclusively on the grids to find that there were jobs in the national economy which claimant could perform. Exclusive reliance on the grids is not appropriate either when claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills. Broz v. Schweiker, 677 F.2d 1351, 1361 (11th Cir. 1982), *adhered to sub nom.* Broz v. Heckler, 711 F.2d 957 (11th Cir. 1983). The ALJ was free to rely on the grids despite certain of Francis's non-exertional impairments, such as his hand tumor because it was found not to impair function of the hand or such as his shortness of breath which the ALJ found not credible. However, as to Francis's vision problems the ALJ stated:
>
>> The Administrative Law Judge has given careful consideration to the fact that claimant's impairment probably precludes her [sic] from performing work which requires her to engage in work requiring more than gross vision. However, the undersigned is persuaded

12

> that this restriction does not significantly diminish the range of medium jobs available to the claimant and that the Rule [the grid] cited above remains applicable.
>
> After acknowledging that the claimant is limited to performing medium work requiring only gross vision, the ALJ nevertheless applied the grids because he was "persuaded" that this impairment did not significantly limit the range of medium work available to claimant. Yet there is no vocational testimony upon which the ALJ could have relied to be so persuaded. Whether the vision problem is seen as a non-exertional impairment or as a limitation on the range of medium work claimant could perform, reliance on the grid is inappropriate.

Francis, 749 F.2d at 1566-67.

In the present case, the ALJ found at step two of the sequential evaluation process that Plaintiff's depression was severe, at step three that Plaintiff had moderate difficulties with concentration, persistence or pace, and at steps four and five that Plaintiff was limited to "unskilled work," apparently in an effort to account for Plaintiff's concentration difficulties.[7]  (Id. at 23, 26-30).  This is unlike the ALJ's

---

[7] See Scott v. Comm'r of Social Security, 495 Fed. Appx. 27, 28-29(11th Cir. 2012)(ALJ's hypothetical to VE adequately accounted for moderate limitation in ability to maintain concentration, persistence, and pace where ALJ asked VE to include work that would require "low stress, simple, unskilled; one, two, or three step instructions . . . [and] specifically noted in the hypothetical that the person had 'psychological based symptoms which affect[ed] his ability to concentrate upon complex or detailed tasks; but would remain capable of carrying out simple job instructions'"). (Tr. 32, 49).

findings in Francis concerning the claimant's hand tremor and shortness of breath, which the ALJ there found caused no impairment of function, and more analogous to the ALJ's findings in Francis related to the claimant's vision problems, which the ALJ found resulted in limitations to work requiring only gross vision.  Thus, the ALJ was required to call a vocational expert to establish whether Plaintiff's non-exertional limitation (moderate concentration difficulties) eroded the occupational base for unskilled sedentary work.

Stated differently, because the ALJ found that a nonexertional limitation (i.e. moderate limitation in concentration, persistence and pace) was present in this case, he was required to make an additional, specific finding as to whether the nonexertional limitation was "severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations."[8]  Foote, 67 F.3d

---

[8] Although the record contains evidence that Plaintiff's depression was controlled on medication and did not affect her ability to work (Tr. 389, 449, 509, 522, 525), the ALJ determined that Plaintiff's depression was severe, that she had moderate limitations in concentration, persistence or pace, and that her RFC was limited to unskilled work.  (Id. at 23, 25-26). Under these circumstances, it is not clear that Plaintiff can "do *unlimited* types of [work at a given level]" or that her non-exertional limitation (moderate concentration difficulties) does not significantly limit her basis work skills.  See Allen, 880 F.2d at 1202.  Thus, the ALJ was required to call a vocational expert to establish whether she can perform work which exists in the national economy.  Id.

at 1559. Absent clear evidence that Plaintiff can do *unlimited* types of work at the given level, the ALJ was required to call a vocational expert to establish whether Plaintiff can perform work which exists in the national economy. Allen, 880 F.2d at 1202. Although the ALJ found that Plaintiff's "additional limitations have little or no effect on the occupational base of unskilled sedentary work," there was no evidence from a vocational expert on which to base that conclusion. Thus, reliance on the grid was inappropriate. See Francis, 749 F.2d at 1566-67.

Interestingly, the record shows that the ALJ did obtain evidence from a vocational expert at Plaintiff's hearing that there were jobs in the national economy that an individual with Plaintiff's limitations could perform. (Id. at 50). However, the ALJ decided to instead rely exclusively on the grids instead of the VE's testimony. (Id. at 33). Whatever his reason for doing so, the ALJ's exclusive reliance on the grids was inappropriate.[9]

---

[9] The Court rejects the Commissioner's implication that any error by the ALJ in failing to rely on the VE's testimony in this case was harmless. First, it appears that the hypothetical question posed to the vocational expert was flawed, as the ALJ expressly stated in his hypothetical that "there would be no mental limitations." (Tr. 50). Furthermore, as aptly stated by the Court in Harrell v. Colvin, 2014 U.S. Dist. LEXIS 68739, *12, 2014 WL 2093961, *4 (S.D. Ala. May 20, 2014), "[t]he ALJ failed to carry her burden 'to establish that [Harrell] could perform other work that exists in the national economy. . . . It is to

15

The ALJ's findings leave no question that Plaintiff cannot perform *unlimited* types of work at the sedentary level because of her nonexertional impairment. Thus, absent testimony from a vocational expert that Plaintiff's nonexertional limitation does not significantly limit her basic work skills or preclude her from performing a wide range of sedentary work, the ALJ's decision is not supported by substantial evidence. See Francis, 749 F.2d at 1567 (absent vocational expert testimony on which the ALJ could base his decision that the claimant's vision impairment did not significantly limit the range of medium work available, the ALJ's reliance on the grids was inappropriate); Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (the ALJ erred in relying on the grids where claimant was not able to do unlimited types of light work, *i.e.*, he could not work around dangerous machinery or at unprotected heights; in such cases, expert testimony was required to determine whether claimant's limitations were severe enough to preclude him from performing a wide range of light work.).

---

no avail that the ALJ may have elicited testimony from a VE at the hearing regarding work Harrell could perform because the ALJ, for whatever reason, chose not to rely on that testimony in her decision denying Harrell's benefits. . . . For that reason, the Commissioner's argument that this Court should 'read between the lines' and affirm the ALJ's decision anyway because 'the ALJ already obtained vocational expert testimony, which [counsel for the Commissioner on appeal, not the ALJ, believes] clearly established that [Harrell] was not disabled' . . . must be rejected." (Emphasis omitted, brackets in original).

In sum, the ALJ did not fulfill his duty to develop a full and fair record with substantial evidence showing that there were specific jobs in the national economy that Plaintiff could perform. On remand, in accordance with Francis v. Heckler, 749 F.2d 1562 (11th Cir. 1985), the Commissioner should utilize the services of a vocational expert to identify what sedentary jobs, if any, Plaintiff can perform in light of her nonexertional limitation. See Gray v. Massanari, 2001 U.S. Dist. LEXIS 6619, *9 (April 17, 2001), *report and recommendation adopted by* 2001 U.S. Dist. LEXIS 6544, *1, 2001 WL 530704, *2 (S.D. Ala. May 1, 2001).

**V.   Conclusion**

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff's claim for a period of disability, disability insurance benefits, and supplemental security income be **REVERSED** and **REMANDED**.[10]

**DONE** this **27th** day of **September, 2016.**

                                    /s/ SONJA F. BIVINS
                              **UNITED STATES MAGISTRATE JUDGE**

---

[10] Having determined that this case must be remanded because of the ALJ's erroneous reliance on the grids, the Court need not address Plaintiff's remaining arguments on appeal.

17